UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELSOR MATTHEWS, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-270-HAB-SLC |
| GRANT COUNTY, et al., | |
| Defendants. | |

OPINION AND ORDER

Elsor Matthews, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Matthews alleges that Judge Thomas R. Hunt, the presider in his state court criminal case, denied him "333 days actual that I am entitled to." ECF 1 at 2. He believes the charges brought against him in that case and the sentence imposed on March 18, 2005, were excessive due to the actions of prosecutor Lisa Glancy which he describes as

"malicious prosecution." *Id*. He believes his public defender, C. Robert Rittman, was ineffective because he failed to properly investigate or properly defend any of the charges. He states that Bradford Kochanek and Carla Smith somehow conspired against him with the other defendants to "commit reprisal and retaliate against plaintiff." *Id*. He believes his trial was unfair. He has sued the above defendants plus Grant County for monetary damages, release from prison, and a new trial. *Id*. at 4.

A review of the state court docket sheds additional light on the matter. Matthews was charged in the Grant Circuit Court with aggravated battery, intimidation, invasion of privacy, and being a habitual offender in March of 2004. *See State v. Elsor Matthews, Jr.*, cause no. 27C01-0403-FB-000028 (filed Mar. 3, 2004), available online at: https://public.courts.in.gov/mycase (last visited July 6, 2023). Following a jury trial, he was sentenced to "20 years on Count I, 3 years on Count II, 1 year on Count IV and under Count VI, sentence on Count I is enhanced by 30 years, all to run consecutive to his sentence in C103DF106" on March 18, 2005. *See id*. Despite multiple attempts including a direct appeal, several post-conviction petitions, and requests for sentence modification, neither the conviction nor sentence have been disturbed. *See id*.; *see also Elsor Matthews generally* at https://public.courts.in.gov/mycase (last visited July 6, 2023).

Matthews has not stated any constitutional claims. As an initial matter, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or

2

was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). Here, Matthews does not allege that Judge Hunt lacked jurisdiction to preside over his case, and there is no question that issuing orders, presiding over a criminal trial, and sentencing him following a conviction are judicial acts. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.")). Therefore, he cannot proceed against Judge Hunt.

With regard to Attorney Glancy, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Because Matthews's suit challenges Attorney Glancy's discretionary prosecutorial decision-making action in bringing the various charges against him—undoubtedly part of the judicial phase of the criminal process—the claims against her may not proceed either.

Matthews's allegations that Attorney Rittman, his public defender, acted in an incompetent manner during the state court criminal proceedings fail as well because unhappiness with his representation doesn't support a viable constitutional violation in a federal civil rights action. *See Polk County v. Dodson*, 454 U.S. 312, 325, n.18 (1981)

3

(prisoners claiming wrongful incarceration due to ineffective assistance of counsel may be able to proceed under state tort law or habeas corpus proceedings, which "normally is the most important form of judicial relief," but such claims are not actionable under § 1983); *Walton v. Neslund*, 248 Fed. Appx. 733, 733–34 (7th Cir. 2007) (affirming dismissal of federal claim related to attorney incompetence as "patently frivolous"). Moreover, private defense attorneys—even appointed public defenders who are paid by the state—are not considered state actors under § 1983. *See Polk,* 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White,* 465 F. App'x 544, 548 (7th Cir. 2012) (dismissing claims against public defender as frivolous because "court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983").[1]

Additionally, even if some sort of malicious prosecution claim could be teased out of Matthew's conclusory allegations, the complaint would still need to be dismissed. Federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 have been recognized as arising under the Fourth Amendment. *See Thompson v. Clark*, --- U.S. ----, 142 S. Ct. 1332, 1337 (2022). Such claims require that the prosecution was instituted without probable cause, that that motive in bringing the

---

[1] This line of reasoning applies to Mr. Kochanek and Ms. Smith as well. Although it's not entirely clear from the complaint, these individuals appear to have provided testimony against him during the criminal proceedings. "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). Either way, Matthews has not stated any valid claims against them.

4

charge(s) was "malicious," and that the prosecution terminated in favor of the accused.

*Id.* at 1338. The favorable termination requitement is important because:

> (i) it avoids parallel litigation in civil and criminal proceedings over the issues of probable cause and guilt; (ii) it precludes inconsistent civil and criminal judgments where a claimant could succeed in the tort action after having been convicted in the criminal case; and (iii) it prevents civil suits from being improperly used as collateral attacks on criminal proceedings.

*Id*. (citing *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994)); *see also Heck,* 512 U.S. at 486-87 (plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction unless it is reversed on direct appeal, expunged, or otherwise declared invalid).

Here, as noted above, Matthews was convicted and sentenced of various charges following a jury trial. That conviction has not been overturned on appeal or otherwise. *See generally State v. Elsor Matthews, Jr.*, cause no. 27C01-0403-FB-000028 (filed Mar. 3, 2004), available online at: https://public.courts.in.gov/mycase (last visited July 6, 2023). Thus, any implied malicious prosecution claim must fail. *See Crowder v. Barrett*, no. 22-1899, 2023 WL 3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson*, 142 S. Ct. at 1341)).

Finally, to the extent Matthews is challenging his ongoing detention and/or conviction, he may not do so in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state

prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A because it fails to state any viable claims and because Elsor Matthews has sued defendants who are immune from relief.

SO ORDERED on July 7, 2023.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT