UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ELSOR MATTHEWS, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-270-HAB-SLC |
| GRANT COUNTY, et al., | |
| Defendants. | |

OPINION AND ORDER

Elsor Matthews, Jr., a prisoner without a lawyer, filed a complaint alleging the judge in his state court criminal case sentenced him incorrectly, the prosecutor brought charges against him maliciously, his public defender was ineffective in defending him, and two individuals conspired against him during the course of those proceedings. ECF 1. The court screened that complaint and dismissed it pursuant to 28 U.S.C. § 1915A because he sued defendants who were immune from suit and because the complaint did not state any viable claims upon which relief may be granted. ECF 5. Matthews has filed a motion to correct error and amend his complaint in this closed case. ECF 8. Whether viewed as a motion requesting leave to amend or construed as a request to reconsider pursuant to Fed. R. Civ. P. 59(e),[1] the result is the same—Matthews may not proceed.

---

[1] A motion for leave to amend may be denied if the amendment is futile. *See e.g., Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). With regard to a motion to reconsider, "[a] court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to

In his complaint, Matthews alleged that Judge Thomas R. Hunt, the presider in his state court criminal case, denied him "333 days actual that I am entitled to." ECF 1 at 2. He claimed the charges brought against him in that case and the sentence imposed on March 18, 2005, were excessive due to the actions of prosecutor Lisa Glancy which he describes as "malicious prosecution." *Id*. He claimed his public defender, C. Robert Rittman, was ineffective because he failed to properly investigate or properly defend any of the charges. He alleged Bradford Kochanek and Carla Smith somehow conspired against him with the other defendants to "commit reprisal and retaliate against plaintiff." *Id*. He claimed his trial was unfair. He sued the above defendants plus Grant County for monetary damages, release from prison, and a new trial.

Matthews now argues that the problem with his state criminal conviction and sentence wasn't "just time" but also that it was applied to the "wrong court." ECF 8 at 2. However, as noted in the dismissal order, the defendants he named were either immune from suit or not amenable to claims under 28 U.S.C. § 1983. *See* ECF 5 at 2–4. With regard to any possible malicious prosecution claims, this court reviewed the state court docket and noted that, "[d]espite multiple attempts including a direct appeal, several post-conviction petitions, and requests for sentence modification, neither the conviction nor sentence [in *State v. Elsor Matthews, Jr*., cause no. 27C01-0403-FB-000028 (filed Mar. 3, 2004)] have been disturbed." *Id*. at 2, *see also Elsor Matthews generally* at https://public.courts.in.gov/mycase (last visited July 24, 2023). In his current motion,

---

evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Matthews does not dispute this fact. Thus, any implied malicious prosecution claims were properly dismissed, and an attempt to amend is futile unless the conviction is overturned. *See id*. at 5; *see also Crowder v. Barrett*, no. 22-1899, 2023 WL 3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson v. Clark*, --- U.S. ----, 142 S. Ct. 1332, 1341 (2022). In sum, Matthews hasn't provided any reason why this case should be reopened.[2]

For these reasons, the motion (ECF 8) is DENIED.

SO ORDERED on July 25, 2023.

                                                  s/Holly A, Brady
                                                  CHIEF JUDGE HOLLY A, BRADY
                                                  UNITED STATES DISTRICT COURT

---

[2] Matthews also references his separate habeas corpus case, *Matthews v. Warden*, cause no. 1:23-CV-127-HAB-SLC (filed Mar. 20, 2023), and he asks the court to correct the error he made in sending certain filings to this court rather than to the Court of Appeals. *See id*. at ECF 19 & ECF 20. However, the court has already sent those filings to the Court of Appeals (*see id*. at ECF 21), so the request is denied as moot. Moreover, in the future, Matthews is advised that he must file motions in the appropriate case going forward—he cannot combine two different requests for relief into one motion, and each motion must have the appropriate case number in the caption at the top of the page.